Maren Parry
Nevada Bar No. 9643
Ann Marie Hansen
Nevada Bar No. 10144
Matthew D. Lamb
Nevada Bar No. 12991
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Phone:  (702) 471-7000
Fax:  (702) 471-7070
Email:  parrym@ballardspahr.com
Email:  hansena@ballardspahr.com
Email:  lambm@ballardspahr.com

*Attorneys for TitleMax of Nevada, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUDITH STARKS,<br><br>        Plaintiff,<br><br>v.<br><br>TITLEMAX OF NEVADA, INC., a registered foreign corporation; DOES I through X, inclusive; and ROES 1 through 10, inclusive;<br><br>        Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL**<br><br>(Formerly Case No. A-13-692261-C in the Eighth Judicial District Court, Clark County, Nevada) |

TO :   CLERK OF UNITED STATES DISTRICT COURT FOR THE DISTRICT OF

        NEVADA; and

TO:    ALL INTERESTED PARTIES:

        PLEASE TAKE NOTICE that defendant TitleMax of Nevada, Inc. ("TitleMax") hereby removes this action originally filed in the Eighth Judicial District Court of Nevada (the "Eighth Judicial District Court").

        In support of this Notice, TitleMax states as follows:

        1.    On November 26, 2013, plaintiff Judith Starks ("plaintiff") initiated Case No. A-13-692261-C, Starks v. TitleMax of Nevada, Inc., in the Eighth Judicial District Court by filing a Complaint and Demand for Jury Trial ("Complaint").

DMWEST #10475161 v2

2. Through the Complaint, plaintiff seeks damages and equitable relief in relation to an automobile title loan.

3. A Summons and Complaint were served upon TitleMax on December 5, 2013. Accordingly, the last day for TitleMax to remove this action to federal court is January 6, 2014. See 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C). All documents previously filed with the Eighth Judicial District Court are attached as Exhibits A through G, pursuant to 28 U.S.C. § 1446(a). The Complaint and Summons are attached as Exhibits A and E, respectively.

4. This is a civil action over which this Court has jurisdiction because there is diversity of citizenship between plaintiff and TitleMax and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.

5. Plaintiff is a citizen of Nevada. (See Ex. A, Complaint at ¶ 2.)

6. TitleMax is a corporation organized under the laws of Delaware with its principal place of business in Georgia.

7. Accordingly, there is diversity of citizenship between plaintiff and TitleMax.

8. Where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, a district court applies a preponderance of the evidence standard. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). Under this standard, the removing defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000. Id.

9. The principal amount of the loan in this case is $6,000. (See Ex. A, Complaint at ¶ 7.)

10. In addition, plaintiff seeks to recover the automobile securing the loan, which is valued at "over $32,000." (See id.); see also Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of

2

the litigation.").

11.     Plaintiff also seeks "[c]onsequential damages in an amount to be determined at trial, including but not limited to loss of use…." (See Ex. A, Complaint at ¶ 9.)

12.     Plaintiff also seeks to recover attorney's fees against TitleMax. (See id. at ¶ 10); see also Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

13.     Finally, plaintiff also requests punitive damages. (See Ex. A, Complaint at ¶ 10.) Under Nevada law, a plaintiff who recovers less than $100,000 in compensatory damages may recover up to $300,000 in punitive damages. See NRS 42.005(1)(b); see also Anthony v. Security Pac. Fin. Servs., 75 F.3d 311, 315 (7th Cir. 1996) ("Where punitive damages are required to satisfy the jurisdictional requirement in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount."). Here, plaintiff's punitive damages could potentially range up to $300,000.

14.     Accordingly, the amount in controversy in this case is in excess of $338,000, which exceeds $75,000.

15.     A true and correct copy of this Notice of Removal is being filed this date with the Clerk of the Eighth Judicial District Court.

Dated:  January 3, 2014.

DMWEST #10475161 v2

BALLARD SPAHR LLP

 /s/ Ann Marie Hansen
Maren Parry
Nevada Bar No. 9643
Ann Marie Hansen
Nevada Bar No. 10144
Matthew D. Lamb
Nevada Bar No. 12991
100 North City Parkway, Suite 1750
Las Vegas, Nevada  89106-4617
Telephone:  702.471.7000
Facsimile:  702.471.7070

*Attorneys for TitleMax of Nevada, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2014, a true copy of the foregoing **NOTICE OF REMOVAL** was filed via the Court's CM/ECF System and electronically served by the Court on all parties in interest.

/s/ Sarah Walton
An Employee of Ballard Spahr LLP

DMWEST #10475161 v2