# Exhibit A

# CIVIL COVER SHEET

A- 13 - 6 9 2 2 6 1- C

Clark County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

XXVI

## I. Party Information

Plaintiff: JUDITH STARKS,

Attorney: Sophia A. Medina, Esq., Bar #12446, Legal
Aid Center of Southern Nevada, 725 E. Charleston
Blvd., Las Vegas, NV 89104 (702) 386-1070 ext. 1453

TITLEMAX OF NEVADA, INC., a registered foreign
corporation; DOES I through X, inclusive; and ROES
1 through 10, inclusive,

Attorney (name/address/phone):

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ **Arbitration Requested**

### Civil Cases

| Real Property | Torts |
|---|---|
| ☐ **Landlord/Tenant** | **Negligence** |
| ☐ Unlawful Detainer | ☐ **Negligence -- Auto** |
| ☐ **Title to Property** | ☐ **Negligence -- Medical/Dental** |
| ☐ Foreclosure | ☐ **Negligence -- Premises Liability** |
| ☐ Liens | (Slip/Fall) |
| ☐ Quiet Title | ☐ **Negligence -- Other** |
| ☐ Specific Performance | |
| ☐ **Condemnation/Eminent Domain** | |
| ☐ **Other Real Property** | |
| ☐ Partition | |
| ☐ Planning/Zoning | |

Torts (right column):
- ☐ **Product Liability**
  - ☐ Product Liability/Motor Vehicle
  - ☐ Other Torts/Product Liability
- ☐ **Intentional Misconduct**
  - ☐ Torts/Defamation (Libel/Slander)
  - ☐ Interfere with Contract Rights
- ☐ **Employment Torts** (Wrongful termination)
- ☐ **Other Torts**
  - ☐ Anti-trust
  - ☐ Fraud/Misrepresentation
  - ☐ Insurance
  - ☐ Legal Tort
  - ☐ Unfair Competition

| Probate | Other Civil Filing Types |
|---|---|
| **Estimated Estate Value:** _____ | ☐ **Construction Defect** |
| | ☐ Chapter 40 |
| ☐ **Summary Administration** | ☐ General |
| ☐ **General Administration** | ☐ **Breach of Contract** |
| ☐ **Special Administration** | ☐ Building & Construction |
| ☐ **Set Aside Estates** | ☐ Insurance Carrier |
| ☐ **Trust/Conservatorships** | ☐ Commercial Instrument |
| ☐ Individual Trustee | ☐ Other Contracts/Acct/Judgment |
| ☐ Corporate Trustee | ☐ Collection of Actions |
| ☐ **Other Probate** | ☐ Employment Contract |
| | ☐ Guarantee |
| | ☐ Sale Contract |
| | ☐ Uniform Commercial Code |
| | ☐ **Civil Petition for Judicial Review** |
| | ☐ Foreclosure Mediation |
| | ☐ Other Administrative Law |
| | ☐ Department of Motor Vehicles |
| | ☐ Worker's Compensation Appeal |

Other Civil Filing Types (right column):
- ☐ **Appeal from Lower Court** *(also check applicable civil case box)*
  - ☐ Transfer from Justice Court
  - ☐ Justice Court Civil Appeal
- ☐ **Civil Writ**
  - ☐ Other Special Proceeding
- ☒ **Other Civil Filing**
  - ☐ Compromise of Minor's Claim
  - ☒ Conversion of Property
  - ☐ Damage to Property
  - ☐ Employment Security
  - ☐ Enforcement of Judgment
  - ☐ Foreign Judgment -- Civil
  - ☐ Other Personal Property
  - ☐ Recovery of Property
  - ☐ Stockholder Suit
  - ☒ Other Civil Matters

## III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only.*)

| | | |
|---|---|---|
| ☐ NRS Chapters 78-88 | ☐ Investments (NRS 104 Art. 8) | ☐ Enhanced Case Mgmt/Business |
| ☐ Commodities (NRS 90) | ☐ Deceptive Trade Practices (NRS 598) | ☐ Other Business Court Matters |
| ☐ Securities (NRS 90) | ☐ Trademarks (NRS 600A) | |

_____
Date: 11/26/13

_____
SOPHIA A. MEDINA, ESQ.
Signature of initiating party or representative

Form PA 201
Rev 2.5E

Electronically Filed
11/26/2013 04:26:33 PM

**COMP**
SOPHIA A. MEDINA, ESQ.
Nevada Bar No.12446
**LEGAL AID CENTER OF
SOUTHERN NEVADA, INC.**
725 E. Charleston Blvd.
Las Vegas, NV 89104
Telephone: (702) 386-1070 x 1453
Facsimile: (702) 386-1453
smedina@lacsn.org

**CLERK OF THE COURT**

### EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| JUDITH STARKS,<br><br>          Plaintiff,<br><br>vs.<br><br>TITLEMAX OF NEVADA, INC., a registered foreign corporation; DOES I through X, inclusive; and ROES 1 through 10, inclusive,<br><br>          Defendants. | Case No.: A-13-692261-C<br>Dept. No: XXVI<br><br>(Exempt from Arbitration, Requesting Injunctive Relief) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUDITH STARKS, by and through counsel, Sophia A. Medina, Esq. of Legal Aid Center of Southern Nevada, Inc., hereby files this COMPLAINT AND DEMAND FOR JURY TRIAL against Defendants, TITLEMAX OF NEVADA, INC., a registered foreign corporation; DOES I through X, inclusive, and ROES 1 through 10, inclusive, and alleges and states as follows:

### I.   INTRODUCTION

1.   This Complaint arises out of statutory violations committed by Defendant, TITLEMAX OF NEVADA, INC., a licensed deferred deposit loan, high-interest loan, title loan,

and check cashing services company. Defendant lent Plaintiff, Ms. Judith Starks, funds without first considering her ability to repay, in violation of NRS 604A.450(2).

## II.    PARTIES

2.     Plaintiff, JUDITH STARKS, is, and was at all times relevant herein, a resident of the State of Nevada, County of Clark, City of Las Vegas.

3.     Defendant, TITLEMAX OF NEVADA, INC., is a registered foreign corporation organized and existing under and by virtue of the laws of the State of Georgia, and may be served with process by service upon its registered agent The Corporation Trust Company of Nevada.

4.     Pursuant to NRCP 10(a) and Bender v. Clark Equipment Co., 111 Nev. 884, 845, 897 P.2d 208, 209 (1995), the identity of Defendants designated as DOES I through X and ROE Corporations 1 through 10 are unknown at the present time; however, it is alleged and believed that these Defendants were involved in the initiation, approval, support, or execution of the wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiff of which she is presently unaware.  As the specific identities of these parties are revealed through the course of discovery, the DOE and ROE Corporation appellation will be replaced to identify these parties by their true names and capacities.

## III.    JURISDICTION

5.     Plaintiff, JUDITH STARKS, is a resident of the State of Nevada, County of Clark, City of Las Vegas.  Defendant, TITLEMAX OF NEVADA, INC., is a business entity registered with the Nevada Secretary of State and which conducts business in the State of Nevada, County of Clark, City of Las Vegas.

6.     The transactions and occurrences that give rise to Plaintiff's claims against Defendants occurred in Clark County, NV.

7.     The amount of the loan in controversy $6,599.40 dollars however, Plaintiff is seeking equitable relief for the return of her vehicle which is valued over $32,000.00.

8.     The Eighth Judicial District Court of Clark County, Nevada has personal jurisdiction over both Plaintiff and Defendant and subject matter jurisdiction pursuant to the Article 6 Section 6 of the Nevada Constitution and NRS 4.370.

## IV.     FACTUAL ALLEGATIONS

9.     Plaintiff, JUDITH STARKS, (hereinafter "Ms. Starks") repeats and realleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

10.     Ms. Starks' income consists of a small pension of $477.00 per month and Social Security of $1,440.00 for a total monthly income of $1,917.00. See November 26, 2013, Affidavit of Ms. Judith Starks, attached hereto as Exhibit 1.

11.     Ms. Starks' monthly expenses total $1,812.00 and are as follows:

    a.   Rent  = $1,113.00

    b.   NV Energy  = $50.00 (approximately)

    c.   Southwest Gas = $28.00 (approximately)

    d.   Cell Phone = $60.00 (approximately)

    e.   Auto Insurance = $114.00

    f.   Supplemental Health Insurance = $162.00

    g.   Television/Telephone = $60.00

    h.   Storage Unit = $40.00

    i.   Groceries/Household needs = $185.00 (Exhibit 1)

12.     Based her income and expenses, Ms. Starks only has approximately $105.00 at the end of every month. See Exhibit 1.

13.     On July 14, 2013, Ms. Starks went to TITLEMAX OF NEVADA, INC.,

(hereinafter "TitleMax"), located on 3525 S. Fort Apache Rd., Suite 160 Las Vegas, NV 89147 to obtain a title loan on her vehicle. See Exhibit 1.

14.     Ms. Starks provided her income, which consists of a small pension of $477.00 per month and Social Security of $1,440.00 for a total monthly income of $1,917.00. See Exhibit 1.

15.     Upon information and belief, TitleMax only took into account Ms. Starks' Social Security.  See Exhibit 1.

16.     The vehicle in question is a 2012 Cadillac CTS, VIN (1G6DP1E39C0134051). See Exhibit 1.

17.     On or about July 18, 2013 TitleMax issued Ms. Starks a loan of $6,000.00 at an interest rate of 121.55% for a finance charge of $599.40 for a total of payments at the end of the 30 day period of $6,599.40. See Exhibit 1.

18.     Being unable to make the full payment on August 17, 2013, Ms. Starks informed TitleMax that she would not be able to make the payment in full. See Exhibit 1.

19.     Ms. Starks was able to make a payment of $600.00 on August 20, 2013 and an additional payment of $599.35 on September 16, 2013. See Exhibit 1.

20.     These payments only constituted payments towards interest, not towards the principal.

21.     However, due to Ms. Starks's limited income she was not able to make an additional payment in October. See Exhibit 1.

22.     On October 26, 2013, TitleMax sent Ms. Starks a letter regarding the opportunity for her to enter into a Repayment Plan. See Exhibit 1.

23.     Due to the amount of the initial payment (approximately 70% of Ms. Starks income, not including expenses) Ms. Starks was not able to take advantage of this plan.

24.     On November 19, 2013, TitleMax proceeded to repossess Ms. Starks's vehicle.

25.     On November 22, 2013 TItleMax sent Ms. Starks a letter stating that it will be selling her vehicle sometime after December 2, 2013.

### V.     CLAIMS FOR RELIEF

26.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

### A.     VIOLATIONS OF NRS 604A

27.     NRS 604A.402(2) states "A licensee who makes title loans shall not [m]ake a title loan without regard to the ability of the customer seeking the title loan to repay the title loan, including the customer's current and expected income, obligations and employment."

28.     Here Plaintiff's total income is $1,917.00.

29.     Plaintiff's total monthly expenses are $1,812.00.

30.     Based upon the above, the most that Plaintiff would ever be able to repay is $105.00.

31.     This is a far cry from the $6,599.40 that Plaintiff was required to repay.

32.     Based upon Plaintiff's income and Expenses, Defendant should have never extended Plaintiff the subject loan.

33.     Therefore, Defendant willfully made a loan to Plaintiff without first considering her ability to repay pursuant to NRS 604A.402(2).

34.     Pursuant to NRS 604A.900: Except as otherwise provided in this section, if a licensee willfully:

> (a)  Enters into a loan agreement for an amount of interest or any other charge or fee that violates the provisions of this chapter or any regulation adopted pursuant thereto;
> (b)  Demands, collects or receives an amount of interest or any other charge or fee that violates the provisions of this chapter or any regulation adopted pursuant thereto; or
> (c)  Commits any other act or omission that violates the provisions of this chapter or any regulation adopted pursuant thereto,

the loan is void and the licensee is not entitled to collect, receive or retain any principal, interest or other charges or fees with respect to the loan.

35.     Based upon the above, Defendant is not entitled to repossess and/or sell Plaintiff's vehicle.

36.     Furthermore, under NRS 604A.930(1), as a result of Defendants' actions, Plaintiff has suffered actual damages no less than $1,199.35, consequential damages in an amount to be determined at trial, and punitive damages in an amount sufficient to punish Defendant and to deter others from like conduct.

37.     Plaintiff is also entitled to reasonable attorney's fees and costs in bringing this action, pursuant to both NRS 604A.930 and possibly NRS 18.010, and any other legal and equitable relief that this Court deems appropriate.

## B.     VIOLATIONS OF NRS 598.0923

38.     Due to the violation of NRS Chapter 604A, specifically NRS 604A.402(2) Defendants have violated NRS 598.0923 which states: A person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she knowingly violates a state or federal statute or regulation relating to the sale or lease of goods or services.

39.     Here, by willfully extending Plaintiff a title loan without first considering her ability to repay, in violation of NRS Chapter 604A, Defendant knowingly violated a state statute relating to the sale of goods or services.

40.     NRS 41.600(1) states that an action may be brought by any person who is a victim of consumer fraud.

41.     NRS 41.600(2) defines "consumer fraud" as a "deceptive trade practice" as defined in NRS 598.0915 to NRS 598.0925.

42.     Plaintiff is entitled to recover actual damages of no less than $1,1599.35 pursuant

to NRS 41.600(3)(a), consequential and non-economic damages in an amount to be determined at trial, and punitive damages in an amount sufficient to punish Defendant and to deter others from like conduct.

43.     Pursuant to NRS 41.600(3)(c), Plaintiff is entitled to recover attorney's fees and costs.

44.     Pursuant to NRS 18.010(2)(a) Plaintiff is entitled to recover attorney's fees in the event she recovers less than $20,000.00.

## C. CONVERSION

45.     Defendant TitleMax committed a distinct act of dominion wrongfully exerted over Plaintiff's vehicle.

46.     Defendant TitleMax retained possession of Plaintiff's vehicle in derogation, exclusion, or defiance of the overwhelming evidence of Plaintiff's ownership.

47.     Defendant intended to exercise control over the vehicle when Defendant took possession from Plaintiff.

48.     Based upon the violation of NRS Chapter 604A Defendant did not have a valid security interest in the vehicle.

49.     As a direct and proximate result of Defendant's acts or omissions, Defendant deprived Plaintiff of their right to immediate possession of the vehicle.

50.     As a direct and proximate result of Defendants' actions, Plaintiff lost the use of her vehicle, to date, for seven days (7), causing Plaintiff to suffer loss-of-use damages.

51.     Therefore, Plaintiff is entitled to recover at least $1,199.35 in actual damages, punitive damages in an amount sufficient to punish Defendant and deter others from like conduct, attorney's fees and costs, and any additional relief this Court deems appropriate.

/ / /

## D. DECLARATORY JUDGMENT

52.     Declaratory relief is a historical equitable remedy.  In addition, the State of Nevada has enacted the Uniform Declaratory Judgments Act, NRS 30.010 et seq.

53.     The facts stated above herein reveal a justiciable controversy in which a claim of right is asserted against one who has an interest in contesting it.

54.     The controversy is between persons whose interests are adverse.

55.     The Plaintiff has a legally protectable interest in the controversy.

56.     The issue involved in the controversy is ripe for determination.

57.     This court has the power by law to declare the rights, status and other legal relations of the parties whether or not further relief is or could be claimed, and a declaration may be either affirmative or negative in form and effect, and such declarations have the force and effect of a final judgment or decree.

58.     The Plaintiff seeks all equitable declaratory relief and/or statutory declaratory relief that arises from or is implied by the facts, whether or not specifically requested, including but not limited to: (a) a declaration that Plaintiff is the titled owner of the subject vehicle; (b) a declaration that Plaintiff is entitled to injunctive relief; (c) a declaration that Plaintiff did not have the ability to repay that would sustain the loan made by Defendant; (d) a declaration that Defendant NRS Chapter 604A; (e) a declaration that Plaintiff has been damaged as a result of Defendant's violations of law and abuse of process; (f) a declaration that Plaintiff is entitled the remedies under NRS Chapter 604A.; (g) a declaration that Defendant is not entitled to sell Plaintiff's vehicle; and (h) a declaration that Plaintiff is entitled to attorney's fees and costs.

## E. INJUNCTIVE RELIEF

59.     Injunctive relief is a historical equitable remedy.  In addition, the State of Nevada has enacted NRS 33.010 et seq.

60.     In alternative to the claims above, the Plaintiff does not have an adequate remedy at law.

61.     It appears from the facts alleged above herein that Plaintiff is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of the act(s) complained of, either for a limited period or perpetually, and accordingly seeks all equitable injunctive relief that arises from or is implied by the facts, whether or not specifically requested, including an injunction (a) that prohibits Defendant from selling Plaintiff's vehicle, and (b) prohibits Defendant from denying Plaintiff access to her belongings or charging any fee for access to her belongings.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JUDITH STARKS, requests the following relief against Defendant, TITLEMAX OF NEVADA, INC.:

1.  Actual damages in the amount of $1,199.35;

2.  Consequential damages in an amount to be determined at trial, including but not limited to loss of use;

3.  Punitive damages in an amount sufficient to punish Defendant and to deter others from like conduct;

4.  Injunctive relief to stop the sale of the vehicle and allow access to the vehicle to retrieve her personal belongings;

/ / /

/ / /

/ / /

/ / /

/ / /

5.  Attorney's fees and costs;

6.  Prejudgment interest, and;

7.  Such other and further relief as the court deems just and equitable.

DATED this __26th__ day of November, 2013.

**LEGAL AID CENTER OF
SOUTHERN NEVADA, INC.**

___/s/   Sophia A. Medina___
SOPHIA A. MEDINA, ESQ.
Nevada Bar No.12446
**LEGAL AID CENTER OF
SOUTHERN NEVADA, INC.**
725 E. Charleston Blvd.
Las Vegas, NV  89104
Telephone: (702) 386-1070 x 1453
Facsimile: (702) 386-1453
smedina@lacsn.org

## DEMAND FOR JURY TRIAL

Pursuant to NRCP 38, Plaintiff demands a trial by jury of any issue triable of right by a jury.

DATED this __26th__ day of November, 2013.

**LEGAL AID CENTER OF
SOUTHERN NEVADA, INC.**

___/s/   Sophia A. Medina___
SOPHIA A. MEDINA, ESQ.
Nevada Bar No.12446
**LEGAL AID CENTER OF
SOUTHERN NEVADA, INC.**
725 E. Charleston Blvd.
Las Vegas, NV  89104
Telephone: (702) 386-1070 x 1453
Facsimile: (702) 386-1453
smedina@lacsn.org

# EXHIBIT "1"

**AFFT**
SOPHIA A. MEDINA, ESQ.
Nevada Bar No.12446
**LEGAL AID CENTER OF**
**SOUTHERN NEVADA, INC.**
725 E. Charleston Blvd.,
Las Vegas, NV 89104
Telephone: (702) 386-1070 x 1453
Facsimile: (702) 386-1453
smedina@lacsn.org

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

|  |  |
|---|---|
| JUDITH STARKS,<br><br>     Plaintiff,<br><br>vs.<br><br>TITLEMAX OF NEVADA, INC., a registered foreign corporation; DOES I through X, inclusive; and ROES 1 through 10, inclusive,<br><br>     Defendants. | Case No.:<br>Dept. No: |

**AFFIDAVIT OF JUDITH STARKS.**

STATE OF NEVADA  )
        ) ss:
COUNTY OF CLARK  )

I, JUDITH STARKS, depose and state as follows:

1.  My income consists of a small pension of $477.00 per month and Social Security of $1,440.00 for a total monthly income of $1,917.00.

2.  My monthly expenses total $1,812.00 and are as follows:

1

   a.   Rent  = $1,113.00

   b.   NV Energy  = $50.00 (approximately)

   c.   Southwest Gas = $28.00 (approximately)

   d.   Cell Phone = $60.00 (approximately)

   e.   Auto Insurance = $114.00

   f.   Supplemental Health Insurance = $162.00

   g.   Television/Telephone = $60.00

   h.   Storage Unit = $40.00

   i.   Groceries/Household needs = $185.00

3.     Based upon my income and expenses, I only have approximately $105.00 at the end of every month.

4.     On or about July 9, 2013, I went to TitleMax located on 3525 S. Fort Apache Rd., Suite 160 Las Vegas, NV 89147 to inquire about getting a title loan on my vehicle.

5.     I spoke with a man who I believed to be the General Manager.

6.     He explained to me that the loan would be 9.9% interest and explained to me how simple the title loan process was.

7.     I went to TitleMax, 3525 S. Fort Apache Rd., Suite 160 Las Vegas, NV 89147, again on or about July 14, 2013.

8.     I spoke with Megan, the Office Manager, as the General Manager was out of town.

9.     At that time, I showed Megan my income.

10.    Megan said that my Social Security alone was enough to get a loan.

11.    Megan told me that they didn't need my pension information, giving the paper

2

back to me, and just took a copy of my Social Security award letter.

   12.     The vehicle that I went to get a title loan on is a 2012 Cadillac CTS, VIN 1G6DP1E39C0134051.

   13.     TitleMax informed me what I needed to do with the DMV in order to put TitleMax on the title.

   14.     After I went to the DMV, on the same day or next day, I went back to TitleMax.

   15.     TitleMax issued me a loan of $6,000.00 with a finance charge $599.40.

   16.     Megan told me that the interest rate was 9.9% interest.

   17.     I didn't know that I was going to be charged $599.40 every 30 days until I paid the loan off.

   18.     Of the four boxes on the Title Loan Agreement, two of them are blacked out so I didn't think they applied to my loan.

   19.     It wasn't until I sought the help of Legal Aid Center of Southern Nevada, Inc., that I learned that the annual interest rate was 121.55% so I was being charged approximately an additional 9.9% monthly.

   20.     Being unable to make the full payment on August 17, 2013, I went into TitleMax to inform them that I would not be able to make the payment in full.

   21.     I was able to make a payment of $600.00 on August 20, 2013 and an additional payment of $599.35 on September 16, 2013.

   22.     I was able to make those payments because I hadn't used all of the money from this loan and used loan money to make payments on the loan.

   23.     However, as that was all the money I had left, and due to my limited income I was not able to make an additional payment in October.

3

24.     On October 26, 2013, TitleMax sent me a letter regarding the opportunity for me to enter into a Repayment Plan.

25.     Due to the amount of the initial payment, $1,319.75, which is nearly 70% of my monthly income I was not able to take advantage of this plan.

26.     On November 19, 2013, TitleMax proceeded to repossess my vehicle.

27.     I came to Legal Aid Center of Southern Nevada, Inc., on Wednesday, November 20, 2013.

28.     Upon information and belief, the attorney that was helping me mailed a letter to TitleMax on November 21, 2013, asking them not to sell the vehicle until they could discuss my situation and so both sides could investigate this case.

29.     On Saturday, November 23, 2013, I received a letter from TitleMax, dated November 22, 2013, telling me that they are going to sell my vehicle after Monday, December 2, 2013.

30.     I do not have any other method of transportation.

31.     I cannot now, nor could I at the time this loan was given to me, afford to pay back this loan.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

JUDITH STARKS

SUBSCRIBED AND SWORN to before
me this 26ᵗʰ day of _November_, 2013.

Notary Public

> A. ROSA NAJERA
> NOTARY PUBLIC
> STATE OF NEVADA
> My Commission Expires: 04-13-15
> Certificate No: 99-36092-1

4

**SOLA**
SOPHIA A. MEDINA, ESQ
Nevada Bar No. 12446
**LEGAL AID CENTER OF**
**SOUTHERN NEVADA, INC.**
725 E. Charleston Blvd.
Las Vegas, Nevada 89104
Telephone: (702) 386-1070 x 1453
Facsimile: (702) 386-1453
smedina@lacsn.org
Attorney for Defendants

# DISTRICT COURT

## CLARK COUNTY, NEVADA

JUDITH STARKS,

                Plaintiff,

vs.

TITLEMAX OF NEVADA, INC., a registered
foreign corporation; DOES I through X,
inclusive; and ROES 1 through 10, inclusive,

                Defendants.

Case No.:
Dept. No:

**STATEMENT OF LEGAL AID**
**REPRESENTATION**
**(PURSUANT TO NRS 12.015)**

---

| Party Filing Statement: | ☒ Plaintiff/Petitioner | ☐ Defendant/Respondent |

---

### STATEMENT

    __JUDITH STARKS__, has qualified and been accepted for placement as a Pro Bono client or as a direct client of __LEGAL AID CENTER OF SOUTHERN NEVADA, INC__, a nonprofit organization providing free legal assistance to indigents, and is entitled to pursue or defend this action without costs, including filing fees and fees for service of writ, process, pleading or paper without charge, as set forth in NRS 12.015.
Dated:  November 26, 2013

    __SOPHIA A. MEDINA, ESQ.__              __/s/ Sophia A. Medina__
Printed Name of Legal Aid Center of S.N., Preparer    Signature of Legal Aid Center of S.N. Preparer
Nevada Bar No.:__12446__

**Submitted by:**
**LEGAL AID CENTER OF**
**SOUTHERN NEVADA, INC.**
**800 S. Eighth Street**
**Las Vegas, Nevada 89101**
**Phone: (702) 386-1070**